# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SUSAN RODRIGUEZ, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 25-1911**

**USAA CASUALTY INSURANCE**                    **SECTION "O"**
**COMPANY, ET AL.**

### ORDER AND REASONS

Before the Court are three motions: Defendant USAA Casualty Insurance Company's motion[1] to compel arbitration and stay proceedings and motion[2] to continue scheduling conference; and Plaintiffs Susan and Eloy Rodriguez's motion[3] to dismiss without prejudice. Considering that this Court has no discretion to deny the request to stay under the Federal Arbitration Act where, as here, the parties now agree that arbitration is required, Defendant's motion to compel arbitration and to stay will be **GRANTED** and the other motions will be **DENIED AS MOOT**.

## I.    BACKGROUND

This personal injury case arises from Susan Rodriguez's claim that Vincent Taboni struck her with his car as she was crossing within a crosswalk in New Orleans, Louisiana.[4] Seeking redress, the Rodriguezes filed suit against USAA Casualty Insurance Company ("USAA"), Mrs. Rodriguez's uninsured/underinsured motorist insurer, and Mr. Taboni in state court. USAA removed the lawsuit, invoking

---

[1] ECF No. 14.
[2] ECF No. 16.
[3] ECF No. 19.
[4] ECF No. 1-1.

this Court's diversity jurisdiction.[5] The Court initially set a telephone scheduling conference but then cancelled the conference as premature.[6] After the Rodriguezes settled with Mr. Taboni,[7] USAA moved to compel arbitration and to stay this litigation pending arbitration.[8] USAA also moved to continue the scheduling conference.[9] And after Plaintiffs indicated that they did not oppose submitting their dispute to arbitration, Plaintiffs moved to dismiss without prejudice their complaint.[10]

Because the Court cancelled the scheduling conference and Plaintiffs agree that arbitration of their claims is mandatory, the only issue to resolve is whether a stay or dismissal of this litigation pending arbitration is warranted.

## II.    LAW AND ANALYSIS

It is undisputed that the USAA insurance contract requires arbitration of the parties' dispute, that USAA made a formal demand to submit the matter to arbitration, and that Plaintiffs initially denied and opposed arbitration.[11] Now that Plaintiffs concede that arbitration is required, they contest only USAA's request to stay this litigation while the matter is arbitrated.[12]

Under the circumstances, a stay of litigation is mandatory. Section 3 of the Federal Arbitration Act provides:

---

[5] ECF No. 1.
[6] ECF Nos. 12, 15.
[7] ECF Nos. 10, 11.
[8] ECF No. 14.
[9] ECF No. 16.
[10] ECF Nos. 18, 19.
[11] *See* ECF Nos. 14, 14-1, 14-6, 14-7, 14-8; *see also* ECF No. 18.
[12] ECF Nos. 18, 19.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court . . . **shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]

9 U.S.C. § 3 (emphasis added). Courts construe this "unambiguous" language to mean that the Court "has no discretion under section 3 to deny the stay." *Texaco Expl. & Prod. Co.*, 243 F.3d 906, 909 (5th Cir.2001) (citing *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993)); *accord Cure & Associates, P.C. v. LPL Financial LLC*, 118 F.4th 663, 671 (5th Cir. 2024); *Rotolo v. Energy Erectors, Inc.*, No. 25-2213, 2026 WL 904510 (E.D. La. Apr. 2, 2026) (Milazzo, J.); *Arrive NOLA Hotel, LLC v. Certain Underwriters at Lloyds, London,* 776 F. Supp. 3d 404, 412 (E.D. La. 2025), *appeal dismissed sub nom. Arrive NOLA Hotel, LLC v. Indian Harbor Ins. Co.*, 25-30230, 2025 WL 2948620 (5th Cir. May 23, 2025).

Plaintiffs fail to contend with these authorities and likewise fail to cite any authority in support of their request that the Court dismiss the case rather than stay it. Plaintiff's dismissal arguments are without merit. A stay is mandatory. *See* 9 U.S.C. § 3. Accordingly,

**IT IS ORDERED** that Defendant's motion[13] to compel arbitration and stay proceedings is **GRANTED** and this litigation is hereby **STAYED** pending arbitration. The Clerk's Office shall close this case for administrative and statistical purposes.

---

[13] ECF No. 14.

**IT IS FURTHER ORDERED** that the motion[14] to continue scheduling conference and the motion[15] to dismiss are **DENIED AS MOOT**.

New Orleans, Louisiana, this 22nd day of April, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] ECF No. 16.
[15] ECF No. 19.